

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 30, 1960

Honorable Penn J. Jackson,
Chairman
State Board of Insurance
International Life Building
Austin 14, Texas

Opinion No. WW-967

Re: Authority to permit Excess
Automobile Insurance Rates

Dear Sir:

Your request asks whether the promulgation of certain proposed rules applicable to motor vehicle or automobile insurance rates would violate the law in certain respects. In summary, these proposed rules would allow, with the permission of the insured, the sale of such insurance at a rate in excess of that fixed by your now existing rules where such an insured was unable to obtain insurance at the regular rates, his application having been rejected by three insurance companies. Under the proposed rules, an excess rate, agreed to by the insured, would be "suggested" by the insurance company to be approved by the Board.

The objections that are raised to such proposed rules are briefly that:

1) the proposed rules would be an illegal delegation of the Board's power to classify risks;

2) the proposed rules would be an illegal delegation of the Board's power to fix rates;

3) the proposed rules would violate Art. 5.01 requiring the Board to classify motor vehicles according to the risk and usage made thereof; and

4) that the proposed rules would violate Art. 5.09, Insurance Code, forbidding discrimination in the matter of premium charges as between insureds having a like hazard.

The authority of the Board to fix and promulgate automobile insurance premium rates is found in Subchapter A of Chapter 5 of the Texas

Insurance Code and in particular Art. 5.01 which provides in part:

> "The Board shall have the sole and exclusive
> power and authority, and it shall be its duty to deter-
> mine, fix, prescribe, and promulgate just, reasonable
> and adequate rates of premiums to be charged and
> collected by all insurers writing any form of insur-
> ance on motor vehicles in this State, including fleet
> or other rating plans designed to discourage losses
> from fire and theft and similar hazards and any rat-
> ing plans designed to encourage the prevention of acci-
> dents.  In promulgating any such rating plans the Board
> shall give due consideration to the peculiar hazards and
> experience of individual risks, past and prospective,
> within and outside the State and to all other relevant
> factors, within and outside the State.  The Board shall
> have the authority also to alter or amend any and all of
> such rates of premiums so fixed and determined and
> adopted by it, and to raise or lower the same or any
> part thereof. "

It may be observed that broadly speaking two principal processes
are involved in rate fixing.  Initially, the Board must "classify" the
different risks according to their circumstance and secondly, promul-
gate rates and schedules to apply to the risks within the different classi-
fications.  The Board is, of course, vested with discretion in determin-
ing the myriad factors that are to be considered in this process.

Under the plan as presented it appears that the final rate applica-
ble to a risk coming within the proposed rule would be one assessed upon
the circumstances peculiar to the individual risk rather than upon stan-
dards of general application much in the fashion of "judgment rating. "
In our opinion the automobile rating laws contemplate that to "determine,
fix, prescribe, and promulgate" automobile insurance rates requires
the Board to fix standards of general application by which a rate may be
determined, rather than simply approving rates for an individual risk,
In our view the proposed rules then are beyond the scope of the Board's
authority.  We call special attention to Art. 5.09 in this respect, which
forbids discrimination as to rates between insureds "having a like hazard. "
While it may be arguable that two risks otherwise similarly situated are
not of "like hazard" where one of the two has been turned down by three
insurance companies, no provision is made within the proposed rules for

the application of a rating plan or system to determine the final rate of premium for risk coming within the proposed rules.* The very spirit of the proposed rules in this respect conflicts with Art. 5.09. We think the force and effect of the proposed rules is to segregate risks to the end that no rates are promulgated by the Board for the risks - rather, the parties agree upon the rate and then seek Board approval. This result runs contrary to the intention of the Legislature embodied in the automobile rating law that rates be uniform.

## SUMMARY

The State Board of Insurance is not authorized to promulgate rules permitting the writing of automobile insurance at excess rates even though the risk has been rejected three times by insurance companies.

Very truly yours,

WILL WILSON
Attorney General of Texas

By _Fred B. Werkenthin_

Fred B. Werkenthin
Assistant Attorney General

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
Martha Joe Stroud
Howard Mays
Martin DeStefano
Bob Rowland

REVIEWED FOR THE ATTORNEY GENERAL
BY:      Leonard Passmore

---

* For example, if two automobile risks came within the rule, each is to be separately rated even though they may be identical in every respect. In this aspect the proposed rule differs from Rule 81 of the Casualty Automobile Manual referred to in your request. While Rule 81 permits individual rating of risks, it does so only where the risk is individually unique.